REAY, Ex'r, etc., v. RAU.

(Circuit Court, S. D. New York.   March 14, 1883.)

PATENTS FOR INVENTIONS—INFRINGEMENT—EVIDENCE OF.

Where defendant was called by plaintiff in rebuttal of his own testimony, and it was insisted that defendant, by one answer in regard to a date, established an infringement which had not been the subject of previous testimony, and that this answer was to overthrow his uniform denial of the infringement, and of the infringing device having been made during the life of the patent, without the knowledge and permission of the patentee, *held,* that such testimony is not sufficient to make out a case of infringement.

*Arthur v. Briesen,* for plaintiff.

*Edward Fitch,* for defendant.

SHIPMAN, J.   This is a bill in equity praying for an injunction and an account, and is founded upon the alleged infringement by the defendant of reissued letters patent No. 2,529, dated March 26, 1867, and of original letters patent No. 41,395, dated January 26, 1864; each of said patents being for improvements in envelope machines, and each having been issued to George H. Reay, the plaintiff's testator, as inventor   The original of the reissued letters patent was issued August 25, 1863.   The bill was filed October 11, 1880, after the expiration of No. 2,529, and shortly prior to the expiration of No. 41,395.   The bill does not allege that the defendant has for sale, or was using or was intending to use or to sell, any infringing machines which were made during the term of the patent No. 2,529, in infringement of it.   If such an allegation had been made, it would have been untrue.   When the bill was filed, the defendant, who is a manufacturer of this class of iron work, had no patented machines on hand.   When the patent expired he had one machine in stock, which he had made in accordance with the understanding, and the usual course of business between the patentee and himself, that he should keep machines in stock, so that orders might be promptly filled.

The facts of this case do not bring it within the decision of Judge WHEELER in *Diamond Rock Boring Co.* v. *Sheldon,* 1 FED. REP. 870, but are within his decision in *Diamond Rock Boring Co.* v. *Rutland Marble Co.* 2 FED. REP. 355.   There are in this branch of the case no allegations upon which to base a prayer for an injunction against the defendant's use or sale of machines.   There is, therefore, no occasion to inquire whether the first-named decision is inconsistent with the subsequent opinion of the supreme court in *Root* v. *Ry. Co.* 105 U. S. 189.

Infringement of patent No. 41,395 was not shown. In rebuttal of the defendant's testimony, the plaintiff called the defendant, and now insists that he, by one answer in regard to a date, established an infringement which had not been the subject of previous testimony, and that this answer is to overthrow his uniform denial of his having made the infringing device during the life of the patent without the knowledge and permission of the patentee. Such testimony is not sufficient to make out a case of infringement.

The bill should be dismissed.